UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STAR ASIA U.S.A., LLC, a Washington Limited Liability Company,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>GREAT NECK SAW MANUFACTURERS, INC., a New York Domestic Business Corporation,<br><br>　　　　　　　　Defendant. | No. C05-505Z<br><br>ORDER |

This matter comes before the Court on the Defendant's motion to dismiss for lack of personal jurisdiction, docket no. 8; the Defendant's motion to dismiss for improper venue, docket, no. 8; and the Defendant's motion to transfer this case under 28 U.S.C. §1404(a), docket no. 8. In addition, the Plaintiff filed a surreply and motion to strike, docket no. 19, and a motion for jurisdictional discovery, docket no. 10. The Court has reviewed the briefs in support of and in opposition to the motions and enters the following order.

**BACKGROUND**

Plaintiff Star Asia brought this declaratory judgment action after it received two letters from Defendant Great Neck alleging patent violations. Compl., docket no. 1, ¶¶ 1, 10, 13. In a letter dated November 17, 2004, the Defendant alleged that Star Asia is infringing its patent D495,939 by manufacturing and/or importing and selling the Titan utility knife and demanded that Plaintiff cease and desist from all infringing activities. Compl., docket no. 1,

ORDER  -1-

¶ 10.  In a letter dated March 14, 2005, the Defendant made the same allegations and request regarding its patent D501,782.  Compl., docket no. 1, ¶ 13.

On March 30, 2005, the Plaintiff brought this action requesting a declaratory judgment that Defendant's U.S. patents D495,939 and D501,782 for folding lock-back utility knives have not been infringed by the Plaintiff's utility knife sold under the trademark "TITAN."  Compl., docket no. 1,  ¶¶ 5-VII(b).  In addition, the Plaintiff requests a declaratory judgment that the Defendant's trade dress rights have not been violated by Plaintiff's sale of the Titan utility knife.  Compl., docket no. 1, ¶¶ 15-18.

On April 12, 2005, Defendant Great Neck filed a complaint in the Eastern District of New York against Titan and Star Asia's Vice President, Mr. Tsitsis.  Pl.'s Resp., docket no. 10, Ex. 3 (Def.'s Complaint).  Star Asia does business under the name and mark TITAN.  Compl., docket no. 1, ¶ 3.  Great Neck's complaint requests relief for patent infringement regarding patents D501,782 and D495,939.  Pl.'s Resp., docket no. 10, Ex. 3, ¶¶ 8-19.  In addition, the complaint requests relief under 15 U.S.C. § 1125(a) for trade dress infringement, false designation, unfair competition, unprivileged imitation, and passing off.  Id. at ¶¶ 20-66.

Plaintiff Star Asia is a limited liability company organized under the laws of Washington with its principal place of business in Washington.  Compl., docket no. 1, ¶ 3.  Defendant Great Neck is a corporation organized under the laws of New York State with its executive offices and principal place of business in Mineola, New York.  Pl.'s Resp, docket no. 10, Ex. 3, ¶ 1.

Defendant Great Neck argues that it does not have sufficient contacts with Washington to support personal jurisdiction.  Def.'s Motion to Dismiss, docket no. 8, at 1.  It states that it has no offices in Washington, is not authorized to do business in Washington, has no employees that reside in Washington, and sells no products over the internet.  Jacoff Decl., docket no. 8-2, at 2; Jacoff Decl., docket no. 15-3 at 2.  Great Neck does employ a

salesman who lives in Kansas and travels to Washington a few times a year to solicit customers. Jacoff Decl., docket 15-3, at 2. In addition, Great Neck uses the services of several nonexclusive independent trade representatives who reside in Washington. Id.

Great Neck's products are sold in Washington at stores that include Home Depot, Lowe's, and Sears. Jacoff Decl., docket no. 15-3, at 3. The Defendant states that any orders received by Great Neck from Home Depot and Lowe's are shipped from the manufacturer in China directly to Home Depot and Lowe's warehouses, which are outside the State of Washington. Id. Any orders for products received from Sears are shipped by Great Neck from New York and/or Tennessee to Sears warehouses, which are outside Washington. Id. The retail stores then distribute the products to their stores, including stores in Washington. Id.

## DISCUSSION

### I. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction

The Plaintiff asserts that this Court has specific jurisdiction over Defendant Great Neck. Pl.'s Resp., docket no. 10, at 6.

The Plaintiff need only make a prima facie showing that this Court has personal jurisdiction over the Defendant because the parties have not conducted discovery. Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003). Accordingly, the pleadings and affidavits are construed in the light most favorable to the Plaintiff. Id.

To establish jurisdiction, the Plaintiff must show that Washington's jurisdictional statute confers jurisdiction over the Defendant and that the exercise of jurisdiction accords with the principles of the due process clause. Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990). However, the inquiry into whether this Court has specific jurisdiction is a single inquiry into whether the exercise of personal jurisdiction comports with federal due process because Washington's long-arm statute has been interpreted to be coextensive with the limits of federal due process. Id.

ORDER -3-

The due process clause requires that the defendant have minimum contacts with the forum state before a court can exercise personal jurisdiction. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).

The issue of personal jurisdiction in a declaratory action for patent infringement is intimately related to patent law; therefore, the question of personal jurisdiction is governed by the law of the Federal Circuit. Silent Drive, Inc., 326 F.3d at 1201.  Three factors are used to determine whether an exercise of personal jurisdiction satisfies the due process clause in patent claims: (1) whether the defendant purposefully directed its activities at the forum state; (2) whether the claim arises out of or relates to the defendant's activities in the forum state; (3) whether the assertion of personal jurisdiction is reasonable and fair. Id. at 1201-02.

### a. Purposefully Directed Activity

The Defendant has purposefully directed its activities to the State of Washington.  A court can find that a defendant has purposefully directed its activities to the forum state through the stream of commerce theory. See Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102 (1987).  In Asahi, Justice O'Connor, writing for four members of the court, urged that the placement of a product in the stream of commerce, without more, is not purposefully directed activity. Id. at 112.  Additional conduct that shows an intent or purpose to serve the market of the forum state is necessary. Id.  The Federal Circuit has declined to take a position on whether Justice O'Connor's rigorous standard for the stream of commerce theory must be met because every case presented to it has had facts sufficient to meet Justice O'Connor's standard. Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d 1315, 322 n.7.  This case is no exception because the Plaintiff has presented facts to show that the Defendant has done more than place its product in the stream of commerce.

ORDER  -4-

First, there are substantial sales of the Defendant's product in Washington. Tsitsis Decl., docket no. 11, at 5-7, Ex. A-D. The Defendant places its product into the stream of commerce when it ships its product to the warehouses of major retailers such as Sears, Home Depot, and Lowe's. While the Defendant ships to warehouses outside Washington, the Defendant knows that the retailers will re-distribute its products to stores in Washington. Jacoff Decl., docket no 15-3, at 3.

Second, the Defendant sent two cease and desist letters to a Washington resident. Compl., docket no. 1, ¶¶ 10, 13. While cease and desist letters alone are not sufficient to support personal jurisdiction, the letters can be one factor of several that support purposeful availment. See B & J Mfg. Co. v. Solar Indus., Inc., 483 F.2d 594, 598 (8th Cir. 1973).

Third, the Defendant uses trade representatives in Washington to solicit sales for its products, and it sends an employee salesman into Washington a few times a year to solicit sales for its products. Jacoff Decl., docket no. 8-2, at 2. The Defendant purposefully creates a market for its products in Washington by soliciting sales in the state, which is an activity that goes beyond simply placing its product in the stream of commerce.

Fourth, the Defendant maintains an active internet site, which is available in Washington. See Richardson Decl., docket no. 12, Ex. 1, at 13. Great Neck's on-line support center allows users to send their contact information to Great Neck to request additional information or to receive a personal contact from a Great Neck representative. Id. The Defendant's active internet site, together with the above contacts, supports purposeful availment.

### b. Claim Arises out of or Relates to the Cause of Action

The underlying controversy in this action arises out of, and relates to, the Defendant's contacts with Washington. Patent infringement occurs when someone without authority makes, uses, offers to sell or sells any patented invention. 3D Sys., Inc., v. Aarotech Labs., Inc., 160 F.3d 1373, 1378 (Fed. Cir. 1995). The cease and desist letters partially give rise to

ORDER   -5-

this declaratory action, but the action also arises from the underlying controversy regarding patent infringement. The underlying controversy arises out of Plaintiff's sales of the allegedly infringing product and the sales and solicitations for sales of the Defendant's product in the same market. Therefore, this action arises out of the Defendant's contacts with Washington.

### c. Fair Play and Substantial Justice

The Defendant has not presented sufficient evidence to show that subjecting it to personal jurisdiction in Washington violates fair play and substantial justice. Under the fair play and substantial justice prong, the assertion of jurisdiction may be found to violate due process if it would be unreasonable for the forum to assert jurisdiction over the Defendant under all of the facts and circumstances. Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1568 (Fed. Cir. 1994). Generally, jurisdiction will be found unreasonable in the rare situation in which the plaintiff's interest and the state's interest are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation in the forum. Id.

The Defendant has not presented sufficient evidence to overcome the Plaintiff's and Washington's interest in this case. The Defendant concedes that convenience and availability of witnesses in this case does not favor either Washington or New York. Def.'s Reply, docket no. 15, at 9. In addition, Washington has an interest in providing a forum for a resident who claims that a foreign corporation is attempting to prevent it from manufacturing and marketing its product. See Akro Corp. v. Luker, 45 F.3d 1541, 1547-48 (Fed. Cir. 1995). Subjecting the Defendant to personal jurisdiction in Washington does not violate fair play and substantial justice.

### d. Conclusion

First, the Defendant has purposefully directed its activities at Washington through more than releasing its product into the stream of commerce. The Defendant has

ORDER  -6-

purposefully created a market for its product in Washington through the use of sales representatives and by sending its own employee salesman into Washington. In addition, the Defendant sent two cease and desist letters into Washington, and has an active internet site that is accessible in Washington.

Second, the present action arises out of the sales of Defendant's product in Washington and is related to its contacts to create a market for its product in Washington.

Third, the burden placed on the Defendant by subjecting it to personal jurisdiction in Washington does not outweigh the Plaintiff's and Washington's interest in adjudicating this case in Washington. Therefore, subjecting the Defendant to jurisdiction in Washington is reasonable and fair.

The Court DENIES the Defendant's motion to dismiss for lack of personal jurisdiction, docket no. 8.

## II.  Defendant's Motion to Dismiss for Improper Venue

The Defendant's motion to dismiss for improper venue, docket no. 8, is DENIED. Venue in this action is based on 28 U.S.C. § 1391, which states that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Venue in this case is proper because Great Neck is subject to personal jurisdiction in Washington. See 28 U.S.C. § 1391(b).

## III.  Plaintiff's Surreply and Motion to Strike

The Plaintiff moves to strike from Defendant's Reply, docket no. 15, lines 15-25 at page 10, and the declaration of Joseph Previto, docket no. 15. The Court DENIES Plaintiff's surreply and motion to strike, docket no. 19.

## IV.  Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)

This action was filed before the Defendant's action in New York. The Defendant argues that this Court should use its discretion under 28 U.S.C. § 1404(a) to transfer this

action to the Eastern District of New York. Def.'s Motion to Transfer or Dismiss, docket no. 8, at 1. Section 1404 states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Because section 1404(a) is a procedural rule, it is governed by the law of the regional circuit in which the case sits. Winner Int'l Royalty Corp. v. Wang, 202 F.3d 1340, 1352 (Fed. Cir. 2000).

The Ninth Circuit uses the first-to-file rule, which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). The first-to-file rule is not inflexible and should not be mechanically applied, rather it should be applied with a view to the dictates of sound judicial administration. Id. at 95. However, the rule was developed to promote efficiency and should not be disregarded lightly. Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 625 (9th Cir. 1991).

The Defendant concedes that convenience and availability of witnesses in this case does not favor either New York or Washington because all of Star Asia's witnesses appear to be in Washington while all of Great Neck's witnesses are in New York. Def.'s Reply, docket no. 15, at 9. Therefore, convenience is not a reason to set aside the first-to-file rule.

The Defendant in this case has filed three other actions in the Eastern District of New York that involve utility knives similar to the one in this action. Jacoff Decl., docket no. 8-2, at 3. However, consolidation is not a reason to transfer in this case because there is no evidence that the four suits are related except that they involve the same Great Neck patents, so transfer would not result in consolidation. In addition, transfer would cause significant delay because of congestion on the docket in the Eastern District of New York. Pl.'s Resp., docket no. 10, Ex. 4.

There is nothing in this case to suggest that it would be unjust or inefficient to

continue the first-filed action. The Defendant's motion to transfer the case under 28 U.S.C. § 1404(a), docket no. 8, is DENIED.

### V. Plaintiff's Motion for Jurisdictional Discovery

Plaintiff's motion for jurisdictional discovery, docket no. 10, is STRICKEN AS MOOT.

### CONCLUSION

The Court DENIES the Defendant's motion to dismiss for lack of personal jurisdiction, docket no. 8.

The Court DENIES the Defendant's motion to dismiss for improper venue, docket no. 8, because venue in this case is proper in any jurisdiction where the Defendant is subject to personal jurisdiction.

The Court DENIES the Plaintiff's surreply and motion to strike, docket no. 19.

The Court DENIES the Defendant's motion to transfer this case under 28 U.S.C. §1404(a), docket no. 8, because the Defendant has not presented sufficient evidence to overcome the first-to-file rule.

The Court STRIKES the Plaintiff's motion for jurisdictional discovery, docket no. 10, as moot.

IT IS SO ORDERED.

DATED this 12th day of August, 2005.

*[signature]*
Thomas S. Zilly
United States District Judge

ORDER  -9-